## WILLIAM S. FRINK ET AL.
### v.
## SARAH E. PEABODY.

*Principal and Surety—Co-sureties—Indemnity Held by One—Payment of Judgment—Contribution.*

1. Where a surety has failed to enforce an indemnity held by him, he can not call upon his co-surety for contribution.
2. It *seems* that a surety who has paid a judgment against himself and co-surety, may keep it alive as a means of enforcing contribution.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Christian County; the Hon. J. A. CREIGHTON, Judge, presiding.

This was a bill in chancery filed by the appellee against the appellants. The cause having been heard on pleadings and proofs, the following decree was rendered: "The court being advised, etc., finds that it has jurisdiction of the parties and the subject-matter; that on the 7th of February, 1877, one Henry Tanner, as principal, and William S. Frink and Elias S. Peabody, as sureties, executed and delivered to Reuben Wilkinson a promissory note for $3,673.14, payable to him in ninety days from date, with ten per cent. interest.

"That on February 10, 1877, said Wilkinson assigned the note to Andrew Simpson, who at the August term, 1877, of, to wit, on the 12th day of September, 1877, recovered a judgment against the said Tanner, Frink and Peabody, for the sum of $3,892.45; that execution was issued thereon November 2, 1877, to the Sheriff of said county, and returned by him for *alias* on January 28, 1878, credited with $432.50, made by sale of personal property of said Henry Tanner; that *alias* was issued January 31, 1878, to the Sheriff of said county, and by him returned, by order of plaintiff, unsatisfied, June 5, 1878.

"That on the 16th day of March, 1878, said Simpson assigned the judgment to Oscar F. Morrison; that on the second day of September, 1881, *pluries* execution was issued on said judgment, to the Sheriff of said county, commanding him to make of the goods of Henry Tanner, Elias S. Peabody and Wm. S. Frink, the amount of said judgment, less the credit thereon; that same was levied upon the S. ½ of N. E. ¼ of Sec. 6; the N. W. ¼ of Sec. 16; the W. ½ of N. E. ¼ of Sec. 16; the N. ½ of S. W. ¼ of Sec. 16, and the N. W. ¼ of S. E. ¼ of Sec. 16, in township 13 N., R. 1, E. of 3d P. M., in said county, on the 8th day of September, 1881, as the property of Elias S. Peabody, to satisfy said execution; and sale advertised to be made October 8, 1881.

"That at the time of rendition of said judgment, said Peabody was the owner of said lands in fee, subject to the lien of the mortgage in the bill mentioned, for the sum of $7,000.

"That on the 24th of January, 1880, said Elias S. Peabody, by his quit claim deed, conveyed all his title in said lands to one Charles W. Miskimins, which deed was recorded January 25, 1881, in Vol. 2, on page 366 of quit claim records in said county, and on the 3d of February, 1881, said Miskimins, by his quit claim deed, conveyed all his interest in said lands to complainant, Sarah E. Peabody, which deed was recorded in Vol. 2, on page 383, of said records, on the 31st day of March, 1881; and that complainant is now and since then has been the owner in fee of said real estate subject to said mortgage."

Further finds that the purchase by Oscar F. Morrison of said judgment was not *bona fide*, but merely colorable; that

the transaction was, in fact, a payment of said judgment by Wm. S. Frink, and that by collusion between said Frink and Morrison, the judgment was assigned to said Morrison in an attempt to keep the same alive.   That said judgment, having been paid by Frink, it is inequitable and unlawful for him or the said Morrison to enforce the same, or any part thereof, by execution against the real estate above described, and that said real estate should be declared free from the lien of said judgment.

Further finds that complainant has, by her amendment, tendered to said Oscar F. Morrison the sum of $400, with interest thereon from March 16, 1878, as repayment of the money advanced or paid by said Morrison as his own in procuring the assignment of said judgment, and by virtue of said tender there is due in equity from said complainant to Oscar F. Morrison the sum of $657.96.

Ordered, that the injunction granted October 5, 1881, be and the same is made perpetual against William C. Haines, Sheriff of said county, and his successors in office, William S. Frink and Oscar F. Morrison, their heirs, executors, administrators and assigns, and each of them, from enforcing said judgment, or any part thereof, against said real estate, and the same is declared free from the lien of said judgment.

Further ordered, that complainant pay said Morrison, within ninety days, the sum of $657.96, with interest from date hereof at six per cent. per annum ; if not paid, execution may issue.

Further ordered, that complainant pay one-half, and defendants, Frink and Morrison, the other one-half of the costs of this proceeding.

From this decree an appeal is prosecuted by Frink and Morrison.

Messrs. PALMERS & SHUTT and JAS. M. TAYLOR, for appellants.

Messrs. ANTHONY THORNTON and W. M. PROVINE, for appellee.

Frink v. Peabody.

WALL, J.   The authorities are not harmonious upon the question whether one of several joint defendants may pay a judgment against them and still keep it on foot for any purpose.   We see no reason why a surety may not be permitted to use the judgment as a means of enforcing contribution against his co-surety, and to this end he might furnish money to a third person to purchase the judgment.   Freeman on Judgments, Sec. 472.   This, however, would be permissible only when the circumstances are such as to render it equitable to require contribution between the sureties.   If one of them holds an indemnity he must show that he has properly disposed of the security before he can enforce contribution, and if it appears that he has wasted it, he is in no position to obtain relief.

In this case, to the extent the money was furnished by Frink to Morrison to buy the judgment, the latter must be considered as occupying the position of the former and to be affected by the equities that would affect him.   It is alleged in the bill and clearly proved that when the note was executed Frink took a chattel mortgage from Tanner upon sufficient property to indemnify the sureties against loss.   This mortgage it was Frink's duty to enforce, not only for his own benefit, but also for that of his co-surety, Peabody.   But he neglected this duty and the securety was lost thereby.   Hence he lost his right to call upon his co-surety for contribution and it would be inequitable to permit him to keep the judgment alive for such purpose.   This is, in effect, the result reached by the decree.   The appellee being the assignee of the co-surety and the owner of the land affected by the judgment may properly obtain relief as here granted.   The decree will be affirmed.

*Decree affirmed.*